# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD, <br><br> Plaintiff, <br><br> v. <br><br> TED PRUITT, et al., <br><br> Defendants. | 1:17-cv-01659-BAM (PC) <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE <br><br> (ECF No. 8) |

Plaintiff Malcolm Tandy Lamon Stroud ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on December 11, 2017, (ECF No. 1), together with a motion to appoint counsel, (ECF No. 2).

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed March 5, 2018. (ECF No. 8.) Plaintiff states that he is an indigent prisoner who is unfamiliar with rules of the Court, and asks the Court to consider the facts of his/her case, the complexity of it all and Plaintiff's ignorance of the law, and to find that there are exceptional circumstances. (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist.

1

of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research, prosecute claims, and conduct discovery without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The Court has not screened Plaintiff's complaint. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed motion to appoint counsel, (ECF No. 8), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 6, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE