|   |   |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>            Plaintiff,<br><br>    v.<br><br>TED PRUITT, et al.,<br><br>            Defendants. | 1:17-cv-01659-BAM (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 15)<br><br>**THIRTY (30) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Malcolm Tandy Lamon Stroud ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 22, 2018, the Court issued a screening order finding that Plaintiff's complaint failed to state a cognizable claim for relief and granting Plaintiff leave to file a first amended complaint within thirty days. (ECF No. 14.)

Currently before the Court is Plaintiff's motion for an extension of time to file an amended complaint and a renewed motion for appointment of counsel. (ECF No. 15.) Plaintiff states that he is a lay person and does not know the rules, procedures, and requirements of the Court, and was unable to access the law library until June 14, 2018, the date of his motion. Plaintiff argues that his case is complex and unusual, and he requires assistance to present the

1

claims properly and obtain justice. (Id.)

As Plaintiff repeatedly has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but does not find the required exceptional circumstances. The Court is faced with similar cases filed almost daily by prisoners who are also unfamiliar with the law. These prisoners must also conduct legal research and present their claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The Court has screened Plaintiff's complaint and found no cognizable claims, and there is no amended complaint on file at this time. Thus, the case does not yet proceed on any cognizable claims.

With respect to Plaintiff's request for an extension of time to file his first amended complaint, the Court finds it appropriate to grant Plaintiff an extension of thirty (30) days.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file a first amended complaint, (ECF No. 15), is GRANTED;
2. Plaintiff's renewed motion for appointment of counsel, (ECF No. 15), is denied, without prejudice;

3. Within **thirty (30) days** of the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified in the Court's May 22, 2018 screening order (or file a notice of voluntary dismissal); and

4. **<u>Failure to comply with this order will result in a recommendation to dismiss this action, with prejudice, for failure to obey a court order and for failure to state a claim</u>.**

IT IS SO ORDERED.

Dated: **June 22, 2018**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE