UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PRUITT, et al.,<br><br>　　　　　　Defendants. | Case No. 1:17-cv-01659-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING PLAINTIFF'S MOTION FOR ORDER REQUIRING DEFENDANTS TO CONSIDER PLAINTIFF'S SETTLEMENT OFFER<br><br>(ECF No. 30)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Malcolm Tandy Lamon Stroud is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.　Introduction**

This action is currently proceeding on Plaintiff's first amended complaint against Defendant Pruitt for sexual abuse in violation of the Eighth Amendment and against Defendants Pruitt and Smith for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 19.)

On December 9, 2019, Defendants Pruitt and Smith filed a motion for summary judgment

for failure to exhaust administrative remedies. (ECF No. 29.)

Currently before the Court is Plaintiff's motion for an extension of time to file an opposition to Defendants' motion for summary judgment, Plaintiff's renewed motion for appointment of counsel, and Plaintiff's motion for an order requiring Defendants to consider Plaintiff's settlement offer, filed on January 6, 2020. (ECF No. 30.)

## II.     Motion for Extension of Time to File Second Amended Complaint

Plaintiff requests that this Court grant him an extension of time to file his opposition to Defendants' motion for summary judgment. (ECF No. 30.) Plaintiff asserts that he needs additional time to adequately prepare his opposition because he has been unable to get access to the prison law library due to the numbers of other inmates also wanting access and the library's limited schedule during the holiday season. (Id.)

Having considered the request, the Court finds that Plaintiff has demonstrated good cause for an extension of time. Fed. R. Civ. P. 6(b). Therefore, Plaintiff's motion for an extension of time to file his opposition to Defendants' summary judgment motion is granted. Plaintiff shall file his opposition to Defendants' motion for summary judgment, if any, no later than thirty (30) days from the date of service of this order.

## III.    Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

"Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Here, Plaintiff contends that the Court should appoint counsel to represent Plaintiff in this action because Plaintiff is an indigent layperson at law, who suffers from post-traumatic stress disorder. Specifically, Plaintiff asserts that they have a hard time with concentrating, especially while reading, which results in a loss of comprehension and understanding.

However, the Court has considered Plaintiff's renewed motion for appointed counsel, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Further, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). Additionally, while Plaintiff has pled cognizable claims, Plaintiff has not established that they are likely to succeed on the merits of those cognizable claims. Finally, based on a review of the record in this case, the Court finds that the legal issues in this case do not appear to be particularly complex and that Plaintiff can adequately articulate their claims.

Therefore, the Court denies, without prejudice, Plaintiff's renewed motion for appointment of counsel.

**IV.    Motion for Order Requiring Defendants to Consider Plaintiff's Settlement Offer**

Plaintiff moves this Court for an order requiring Defendants to consider Plaintiff's latest settlement offer. (ECF No. 30, at 4.) However, Plaintiff does not have a legal right to compel Defendants to consider, or accept, Plaintiff's settlement offers. Therefore, the Court denies Plaintiff's motion for an order requiring Defendants to consider Plaintiff's latest settlement offer.

However, Plaintiff is not precluded from negotiating a settlement directly with defense counsel.

**V.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file an opposition to Defendants' motion for summary judgment, (ECF No. 30), is GRANTED;
2. Plaintiff is directed to file an opposition to Defendants' summary judgment motion within **thirty (30) days** from the date of service of this order;
3. Plaintiff's renewed motion for appointment of counsel, (ECF No. 30), is DENIED, without prejudice; and
4. Plaintiff's motion for order requiring Defendants to consider Plaintiff's settlement offer, (ECF No. 30), is DENIED.

IT IS SO ORDERED.

Dated:  **January 8, 2020**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

4