# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRUITT, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01659-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER DEADLINES<br><br>(ECF No. 39) |

Plaintiff Malcolm Tandy Lamon Stroud ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Pruitt for sexual abuse in violation of the Eighth Amendment and against Defendants Pruitt and Smith for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

The Court issued a discovery and scheduling order on September 9, 2019, setting the deadline for the completion of all discovery for May 9, 2020 and the deadline for filing dispositive motions other than a motion for summary judgment for failure to exhaust for July 20, 2020. (ECF No. 27.)

On December 9, 2019, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 29.) The motion is fully briefed and pending before the Court. (ECF Nos. 29, 33, 37, 38.)

1    Currently before the Court is Defendants' motion to modify the scheduling order, filed
2    April 27, 2020. (ECF No. 39.) Defendants request that the Court extend the current May 9, 2020
3    discovery deadline until July 9, 2020, for the limited purpose of allowing Defendants to take
4    Plaintiff's deposition, and extend the dispositive motion deadline from July 20, 2020 until
5    September 20, 2020. In the alternative, Defendants request that all further deadlines be stayed
6    pending resolution of Defendants' exhaustion motion for summary judgment. Defendants argue
7    that good cause exists for the request because, due to the COVID-19 pandemic, they are unable to
8    take Plaintiff's deposition before the close of discovery. Defendants contend that a deposition is
9    needed to determine whether a substantive summary judgment motion is appropriate, and if not
10   appropriate or successful, will be needed to defend this case at trial. Alternatively, Defendants
11   argue that the Court should stay further deadlines pending resolution of Defendants' exhaustion
12   summary judgment motion, which, if granted, would dispose of Plaintiff's case. (Id.)

13   Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is
14   unnecessary. The motion is deemed submitted. Local Rule 230(l).

15   Having considered the request, the Court finds good cause to grant the request to stay the
16   current discovery and dispositive motion deadlines pending resolution of Defendants' exhaustion
17   summary judgment motion. Fed. R. Civ. P. 16(b)(4). Defendants have worked diligently to meet
18   the deadlines set by the Court for taking Plaintiff's deposition, but the current discovery and
19   dispositive motion deadlines are no longer feasible due to the circumstances surrounding the
20   COVID-19 outbreak. Further, a ruling in favor of Defendants on the pending exhaustion
21   summary judgment motion may dispose of this action entirely. The Court finds that Plaintiff will
22   not be prejudiced by the extension granted here.

23   For the reasons stated above, IT IS HEREBY ORDERED as follows:
24   1. Defendants' motion to modify discovery and scheduling order deadlines, (ECF No.
25      43), is GRANTED;
26   2. The discovery and dispositive motion deadlines are VACATED; and
27   ///
28   ///

3. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust.

IT IS SO ORDERED.

Dated: **April 29, 2020**          /s/ Barbara A. McAuliffe          
UNITED STATES MAGISTRATE JUDGE