# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>Plaintiff,<br><br>v.<br><br>PRUITT, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-01659-JLT-BAM (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 38, 46) |

Plaintiff Malcolm Tandy Lamon Stroud, aka Treasure Stroud, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Pruitt for sexual abuse in violation of the Eighth Amendment and against Defendants Pruitt and Smith for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

Defendants Pruitt and Smith filed a motion for summary judgment for failure to exhaust administrative remedies, which is now fully briefed and pending before the Court. (ECF Nos. 29, 33, 37, 38.)

On June 7, 2023, Plaintiff filed a renewed motion to appoint counsel, which the Court considers with Plaintiff's motion to appoint counsel that was filed together with her surreply to Defendants' reply brief in support of the motion for summary judgment. (ECF Nos. 38, 46.) Although Defendants have not had an opportunity to respond to Plaintiff's most recent motion to

1 appoint counsel, the Court finds a response unnecessary.  The motions are deemed submitted.
2 Local Rule 230(l).

3 In her motions, Plaintiff states that she is a layperson who is overwhelmed by all of the
4 rules and procedures of the Court, legal jargon, and statutory requirements.  (ECF Nos. 38, 46.)
5 Plaintiff states that she has no idea how to proceed or what steps to take to bring this case to a
6 close.  Plaintiff suffers from PTSD and continues to have a hard time concentrating and reading,
7 resulting in a lack of comprehension and understanding of basic, simple things in daily living
8 activities.  Plaintiff's anxiety and depression are triggered even more by the continual re-living of
9 events and fight for justice with no formal training or higher education.  Plaintiff states that she
10 has become addicted to drugs and extremely promiscuous due to her injuries and to escape her
11 PTSD.  Plaintiff requests appointment of counsel for these reasons and due to the complexity of
12 the overall case.  (*Id.*)

13 Plaintiff is reminded that she does not have a constitutional right to appointed counsel in
14 this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
15 *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to
16 represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
17 *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may
18 request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
19 1525.

20 Without a reasonable method of securing and compensating counsel, the Court will seek
21 volunteer counsel only in the most serious and exceptional cases.  In determining whether
22 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
23 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
24 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

25 The Court has considered Plaintiff's request, but does not find the required exceptional
26 circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
27 would entitle her to relief, her case is not exceptional.  This Court is faced with similar cases filed
28 almost daily by prisoners who are proceeding *pro se* and struggling with physical and mental

health conditions. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits, particularly in light of Defendants' pending motion for summary judgment. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

Finally, Plaintiff is informed that Defendants' motion for summary judgment remains pending, and no further action by Plaintiff is necessary at this time. Defendants' motion will be decided in due course, and the Court will inform Plaintiff of any future deadlines in this action.

Accordingly, Plaintiff's motions to appoint counsel, (ECF Nos. 38, 46), are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 12, 2023**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE