**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>        Plaintiff,<br><br>    v.<br><br>PRUITT, *et al.*,<br><br>        Defendants. | No.  1:17-cv-01659 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: EXHAUSTION<br><br>(Docs. 29, 48) |

    Malcolm Tandy Lamon Stroud, aka Treasure Stroud[1], is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  In his first amended complaint, Plaintiff asserts Defendant Pruitt sexually abused him in violation of his Eighth Amendment rights and that Defendants Pruitt and Smith discriminated against him in violation of the Equal Protection Clause of the Fourteenth Amendment.  (*See* Docs. 17, 19.) Defendants moved for summary judgment, asserting Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 29.)

    The assigned magistrate judge determined that Plaintiff submitted an appeal that placed "prison officials on notice of her sexual abuse and discrimination claims against Defendants, but

---

[1] In the most recent document filed by Plaintiff in this action, she identifies herself as "Treasure Stroud, a.k.a. Malcolm Tandy Lamon Stroud." (Doc. 46 at 1.)  It is unclear whether Plaintiff legally changed her name while this action has been pending. If so, Plaintiff need only file copies of documents demonstrating this change, and the Court will update its docket.

1

prison officials failed to process or otherwise respond to that grievance." (Doc. 48 at 17.) The magistrate judge found Plaintiff was "deemed to have exhausted her available administrative remedies," and recommended the motion be denied. (*Id.*)

The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 14 days. (Doc. 48 at 18.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither party filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 26, 2024 (Doc. 48) are **ADOPTED** in full.
2. Defendants' motion for summary judgment for failure to exhaust (Doc. 29) is **DENIED** without prejudice to refiling a second motion for summary judgment related to the availability of administrative remedies[2].
3. This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 21, 2024**

UNITED STATES DISTRICT JUDGE

---

[2] If the defense contemplates a second such motion, they SHALL specifically address the evidence provided by the plaintiff related to her inquiries into the 602 grievance Ms. Stroud claims to have submitted on 12/8/15.

2