# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>Plaintiff,<br><br>v.<br><br>TED PRUITT, *et al.*,<br><br>Defendants. | Case No.  1:17-cv-01659-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO RE-FILING<br>(ECF No. 52)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br>(ECF No. 52) |

Plaintiff Malcolm Tandy Lamon Stroud, aka Treasure Stroud, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Pruitt for sexual abuse in violation of the Eighth Amendment and against Defendants Pruitt and Smith for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

Currently before the Court is Plaintiff's motion for summary judgment and request for appointment of counsel, filed May 6, 2024.  (ECF No. 52.)  Defendants have not yet had an opportunity to respond to the filings, but the Court finds a response unnecessary, as discussed below.  The motions are deemed submitted.  Local Rule 230(l).

In the filing, Plaintiff states that she has submitted countless documents in her claim to support this motion for summary judgment.  (ECF No. 52.)  Defendants have been stonewalling

for years to discourage Plaintiff, refusing to try to settle the case. Plaintiff is tired of having to relive events every time she is reminded by this lawsuit and wants to try to move on and heal. Plaintiff requests that the Court appoint counsel to help her. Plaintiff's mental health is a serious challenge and continues to get worse. Plaintiff is on more meds and is at the Enhanced Outpatient (EOP) level of care. Plaintiff is afraid that she will drop the ball after all of these years, due to her capacity, inability to concentrate, read, and comprehend like she used to and her lack of interest in anything. Plaintiff is unable to litigate herself and relies upon jailhouse lawyers to help her out. Plaintiff requests that the Court make a ruling or she will go to trial. (*Id.*)

Upon review of the filing, the Court notes that Plaintiff's motion for summary judgment does not include a "Statement of Undisputed Facts," as required by Local Rule 260(a) and Federal Rule of Civil Procedure 56(c)(1). To assist Plaintiff, the Court sets forth the relevant sections below.

Local Rule 260(a) provides:

> (a) **Motions for Summary Judgment or Summary Adjudication.** Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. *See* Local Rule 133(j).

Federal Rule of Civil Procedure 56(c)(1) provides:

> (c) **Procedures.**
> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In light of Plaintiff's *pro se* status, and the existing August 23, 2024 deadline for the filing of dispositive motions, (*see* ECF No. 51), the Court finds it appropriate to deny Plaintiff's motion for summary judgment, without prejudice to re-filing by the applicable deadline. The Court finds

1   that this will allow Plaintiff to receive the instant order and to re-file her motion for summary

2   judgment in compliance with the Local Rules and the Federal Rules of Civil Procedure, if she

3   wishes to do so.  The Court further finds that Defendants will not be prejudiced by the brief

4   extension granted here.

5        With respect to the request for appointment of counsel, Plaintiff is reminded that she does

6   not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d

7   1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998),

8   and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

9   *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in

10  certain exceptional circumstances the Court may request the voluntary assistance of counsel

11  pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

12       Without a reasonable method of securing and compensating counsel, the Court will seek

13  volunteer counsel only in the most serious and exceptional cases.  In determining whether

14  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

15  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

16  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

17       The Court has considered Plaintiff's request, but does not find the required exceptional

18  circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

19  would entitle her to relief, her case is not exceptional.  This Court is faced with similar cases filed

20  almost daily by prisoners who are proceeding *pro se* and struggling with physical and mental

21  health conditions.  These plaintiffs also must litigate their cases without the assistance of counsel.

22       Furthermore, at this stage in the proceedings, the Court cannot make a determination that

23  Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff's

24  complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits.

25  Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff

26  cannot adequately articulate her claims.

27  ///

28  ///

1  Accordingly, IT IS HEREBY ORDERED as follows:

2  1. Plaintiff's motion for summary judgment, (ECF No. 52), is DENIED, without prejudice to
3  re-filing in compliance with the Court's Local Rules and the Federal Rules of Civil
4  Procedure; and

5  2. Plaintiff's request for appointment of counsel, (ECF No. 52), is DENIED, without
6  prejudice.

IT IS SO ORDERED.

Dated:   **May 7, 2024**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE