# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>           Plaintiff,<br><br>     v.<br><br>TED PRUITT, *et al.*,<br><br>           Defendants. | Case No.  1:17-cv-01659-JLT-BAM (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br>(ECF No. 58)<br><br>**ORDER GRANTING DEFENDANTS' THIRD REQUEST TO MODIFY SCHEDULING ORDER**<br><br>(ECF Nos. 58, 59)<br><br>Plaintiff's Discovery Responses Due: **November 8, 2024**<br>Discovery Deadline: **December 20, 2024**<br>Dispositive Motion Deadline: **February 18, 2025** |

## I.     Introduction

Plaintiff Malcolm Tandy Lamon Stroud, aka Treasure Stroud, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Pruitt for sexual abuse in violation of the Eighth Amendment and against Defendants Pruitt and Smith for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

Pursuant to the Court's July 10, 2024 order granting Defendants' second motion to modify scheduling order, the deadline for completion of discovery was August 31, 2024, and the deadline for filing all dispositive motions (including any second motion for summary judgment related to

1  the availability of administrative remedies) is October 25, 2024. (ECF No. 57.)

2   Currently before the Court is Defendants' motion to compel production of documents and third request to modify the scheduling order, filed August 22, 2024. (ECF No. 58.) Defendants state that Plaintiff was served with a notice of deposition that included a request that Plaintiff bring and produce documents at the deposition. Plaintiff appeared on August 19, 2024 for her deposition with the requested responsive documents, made many references to the documents she brought in response to the deposition notice as the evidence that supports her allegations in the case, but was unable during the deposition to identify the documents specifically or locate any specific document in the file she presented for production during the deposition. Plaintiff agreed to provide the documents to the Litigation Coordinator for copying or scanning, and based on this representation, defense counsel did not require Plaintiff to identify for the record each page of a folder that was at least four inches deep. However, Plaintiff then left the deposition area without providing the documents. The Litigation Coordinator went to Plaintiff's housing unit to retrieve the documents from Plaintiff for scanning, but Plaintiff refused to turn over her documents and further stated that she was not going to give up her documents, was not going to give defendants a "head-start" by turning her documents over on August 19, but would give her documents at a future time. Defendants therefore request an order for Plaintiff to produce the documents relied upon at her deposition, along with a declaration that confirms the documents produced are the same documents that she brought to the deposition for production, that she claims support her allegations in this case, and that she refused to provide on August 19, 2024. Defendants further request a modification of the scheduling order to extend the discovery and dispositive motion deadlines. (*Id.*)

23  Plaintiff did not file an opposition or otherwise respond to Defendants' motion to compel. On October 17, 2024, Defendants filed a motion to modify the relief requested in the August 22, 2024 motion, to further extend the discovery and dispositive motion deadlines following the Court's decision on the pending motion to compel. (ECF No. 59.)

27  Plaintiff has not yet had an opportunity to respond to Defendants' motion to further extend the discovery and dispositive motion deadlines, but the Court finds a response to this motion

2

unnecessary.  The above-referenced motions are deemed submitted.  Local Rule 230(l).

**II.     Motion to Compel**

      **A.     Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action.  *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Defendants are entitled to discovery regarding any nonprivileged matter relevant to the claims and defenses in this action.  Fed. R. Civ. P. 26(b)(1).  In responding to requests for production, including requests for production accompanying a notice of a deposition, Plaintiff must produce documents or other tangible things which are in their "possession, custody, or control." Fed. R. Civ. P. 34(a).  Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of*

*Concord*, 162 F.R.D. 603, 619 (N.D. Cal.1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

### B.    Discussion

In failing to oppose the motion, Plaintiff has provided no justification for her failure to produce the documents relied upon at her deposition, and which documents she alleges provide support for her allegations in this case.  Plaintiff also did not identify any objections to Defendants' deposition notice or the attached request that she bring with her and produce documents related to her claims, either before or during the deposition.  Only after the deposition concluded and Plaintiff returned to her housing unit did she refuse to allow the documents to be copied or scanned, state her unwillingness to provide Defendants a "head-start," and assert that she would provide the documents at an unspecified future date.

However, because Plaintiff failed to express her objections at an earlier time and agreed to provide the documents to for copying or scanning, defense counsel permitted Plaintiff to reference documents during her deposition without specifically identifying them for the record.  In spite of her personal reservations, Plaintiff remains obligated to comply with the Federal Rules of Civil Procedure and produce documents in response to Defendants' discovery request.  Fed. R. Civ. P. 34(b)(2)(B).  Plaintiff has identified no objections that would alleviate her of this responsibility, and Defendants are therefore entitled to the discovery and assurances they seek.  Accordingly, Plaintiff shall be required to provide the documents and declarations responsive to Defendants' requests without objections.

Specifically, Plaintiff shall produce to the Litigation Coordinator at her current institution, for scanning, the documents that she brought to the August 19, 2024 deposition in response to the July 7, 2024 notice of taking deposition.  Plaintiff shall also produce a written declaration, signed under penalty of perjury, stating that: (a) the documents produced are the same documents that she brought to the deposition for production; (b) the documents produced are the documents that she testified support her allegations in this case; and (c) the documents produced are the same

documents that she brought to the deposition and refused to provide on August 19, 2024.

**III.     Motion to Modify Scheduling Order**

In light of the foregoing, and to allow time for Plaintiff to produce and Defendants to review the documents at issue and for the filing of any dispositive motions, the Court finds good cause to grant the requested modification of the scheduling order.  Fed. R. Civ. P. 16(b)(4). Defendants require sufficient time to complete discovery and to file dispositive motions following resolution of the instant motion to compel.  Defendants were diligent in filing the motion to compel before expiration of the prior discovery deadline, and the requested extensions will allow the parties to resolve this dispute prior to the filing of any dispositive motions.  The extension of the discovery deadline is limited to Plaintiff's production of the documents that she brought to her August 19, 2024 deposition, or motions related to the production of these same documents.

Finally, the Court finds that in light of Plaintiff's failure to oppose the prior request for extension of these deadlines or the motion to compel, Plaintiff will not be prejudiced by the extensions granted here.

**IV.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery, (ECF No. 58), is GRANTED, as follows:
   a. On or before **November 8, 2024**, Plaintiff SHALL produce to the Litigation Coordinator at her current institution, for scanning:
      i. The documents that she brought to the August 19, 2024 deposition in response to the July 7, 2024 notice of taking deposition; and
      ii. A written declaration, signed under penalty of perjury, stating that:
         1. The documents produced are the same documents that she brought to the deposition for production;
         2. The documents produced are the documents that she testified support her allegations in this case; and
         3. The documents produced are the same documents that she brought to the deposition and refused to provide on August 19, 2024;

5

2. Defendants' third request to modify the scheduling order, (ECF Nos. 58, 59), is GRANTED, as follows:

    a. The deadline for completion of all discovery, for the limited purpose of the production of Plaintiff's documents she brought to her deposition, is extended from August 31, 2024 to **December 20, 2024**; and

    b. The deadline for filing all dispositive motions (including any second motion for summary judgment related to the availability of administrative remedies) is extended from October 25, 2024 to **February 18, 2025**;

3. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause**; and

4. **<u>If Plaintiff fails to comply with this order, Defendants are not precluded from seeking appropriate sanctions, up to and including terminating sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(2)</u>.**

IT IS SO ORDERED.

Dated:   **October 18, 2024**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE