# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>    Plaintiff,<br><br>    v.<br><br>PRUITT, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-01659-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR TELECONFERENCE<br>(ECF No. 61)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS<br>(ECF No. 62)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Introduction**

Plaintiff Malcolm Tandy Lamon Stroud, aka Treasure Stroud, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Pruitt for sexual abuse in violation of the Eighth Amendment and against Defendants Pruitt and Smith for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2024, Defendants filed a motion to compel regarding documents Plaintiff relied upon during her August 19, 2024 deposition but did not turn over for copying or scanning. (ECF No. 58.) Plaintiff did not file a response. The Court granted the motion to compel on

1    October 18, 2024, and directed Plaintiff to produce, on or before November 8, 2024: (1) the

2    requested documents for scanning; and (2) a written declaration, signed under penalty of perjury,

3    confirming that the documents produced were the same documents relied upon during her

4    deposition to support her allegations in this case.  (ECF No. 60.)

5        In a response dated December 4, 2024, and docketed on December 13, 2024, Plaintiff

6    expressed disagreement with Defendants' assertion that she had refused to provide the requested

7    documents, moved for appointment of counsel, and moved to appear by telephonic or video

8    conference in lieu of writing in the future.  (ECF No. 61.)  The same date, Defendants filed a

9    motion to dismiss, seeking terminating sanctions pursuant to Federal Rule of Civil Procedure

10   37(b)(2) on the grounds that Plaintiff has not provided discovery despite an order from the Court

11   compelling her to do so.  (ECF No. 62.)

12       Defendants did not file a response to Plaintiff's various requests, and Plaintiff did not file

13   a response or otherwise oppose Defendants' motion to dismiss.  The deadlines to do so have now

14   expired, and the motions are deemed submitted.  Local Rule 230(l).

15   **II.    Plaintiff's Discovery Documents**

16       The parties agree that Defendants noticed Plaintiff's deposition for August 19, 2024, and

17   the notice of deposition included a request that Plaintiff bring and produce documents at the

18   deposition.  (ECF No. 58, p. 8.)  Plaintiff appeared on August 19, 2024 for her deposition with the

19   requested responsive documents, made many references to the documents she brought in response

20   to the deposition notice as the evidence that supports her allegations in the case, but was unable

21   during the deposition to identify the documents specifically or locate any specific document in the

22   file she presented for production during the deposition.  Plaintiff agreed to provide the documents

23   to the Litigation Coordinator for copying or scanning, and based on this representation, defense

24   counsel did not require Plaintiff to identify for the record each page of a folder that was at least

25   four inches thick with documents.  Plaintiff then left the deposition area without providing the

26   documents.  (*Id.*)

27       The parties disagree as to the events that followed.  Defendants argue that at the

28   conclusion of the deposition, Plaintiff returned to her housing unit.  The Litigation Coordinator

1  went to Plaintiff's housing unit to retrieve the documents from Plaintiff for scanning, but Plaintiff
2  refused to turn over her documents and further stated that she was not going to give up her
3  documents, would not give Defendants a "head start" by turning her documents over on August
4  19, 2024, but would give her documents at a future time.  (ECF No. 58-1, p. 2.)

5  Plaintiff's filing, apparently in response to Defendants' motion to compel, requests that
6  she be appointed counsel, provided a computer or typewriter, and to appear by video conference
7  instead of writing by hand.  (ECF No. 61, p. 7.)  Plaintiff explains that due to the events leading
8  up to this case, her mental health, as well as continuing allegations of ongoing harassment,
9  discrimination, and retaliation, she is unable to sit still or concentrate long enough to write out her
10 thoughts and arguments.  While Plaintiff states that she has no problem with providing everything
11 requested, she is overwhelmed and exhausted with it all.  Plaintiff argues that while she met with
12 the Litigation Coordinator in front of the Program Office, she only asked him a question
13 regarding defense counsel's request for Plaintiff to turn over everything at that time, without
14 review or copies for Plaintiff.  Plaintiff asked if it would give her a head start, asking a question to
15 try to understand what she was supposed to do.  (*Id.* at 5–6.)  Plaintiff does not otherwise address
16 why she did not provide the documents for scanning at that time or at any time after August 19,
17 2024.

18 It is not clear whether Plaintiff's filing is intended as an opposition to Defendants' motion
19 to compel, a request for reconsideration of the Court's order granting Defendants' motion to
20 compel, or a request for a further opportunity to provide the requested documentation.  While
21 Plaintiff states that she has no problem providing the requested documents, at no point does she
22 state that she made any efforts to comply with Defendants' request after August 19, 2024, or in
23 response to the Court's October 18, 2024 order directing Plaintiff to provide the documents.

24 To the extent Plaintiff argues that she was confused about whether she was being asked to
25 hand over the originals of her documents, without being able to make copies to keep for herself,
26 the Court's October 18, 2024 order stated that the documents were to be provided to the
27 Litigation Coordinator "for scanning" and did not state that Plaintiff was required to surrender her
28 originals to Defendants.  Plaintiff had the opportunity to provide the requested documents and

declaration by the November 8, 2024 deadline, and failed to do so. Other than Plaintiff's possible misunderstanding regarding providing the originals of her documents to Defendants, Plaintiff has provided no other explanation for her failure to produce the requested discovery.

### III. Plaintiff's Motions

Plaintiff's motions requesting a computer or typewriter, or to appear by telephone or video in lieu of writing, are denied. Plaintiff argues only that she finds handwritten motions to be difficult in light of her mental health. While Plaintiff is free to submit typewritten filings to the Court, the Court has no obligation to provide Plaintiff with a computer or typewriter. While Plaintiff may find it difficult to handwrite her motions due to her inability to concentrate or sit still for long periods of time, there is no indication that it is impossible for her to write for short periods of time or to request appropriate extensions of deadlines to complete longer filings. The request to appear by telephone or video is also denied. Filings from *pro se* litigants must be submitted in writing to the Court, and Plaintiff may not simply make oral requests by telephone or video. *See* Local Rule 133(b)(2); Fed. R. Civ. P. 5(d).

With respect to the request for appointment of counsel, Plaintiff is reminded that she does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved,

4

would entitle her to relief, her case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are proceeding *pro se* and struggling with physical and mental health conditions. These plaintiffs also must litigate their cases without the assistance of counsel and often without the ability to utilize a computer or typewriter.

Furthermore, at this stage in the proceedings, and in light of the findings and recommendations herein, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

### IV.     Defendants' Motion for Terminating Sanctions

Defendants move for terminating sanctions on the grounds that Plaintiff has not provided requested discovery documents despite a properly served discovery request, a motion to compel, and an order from this Court compelling her to provide the requested documents. (ECF No. 62.) Plaintiff has not provided any documents or otherwise responded to Defendants' request or the Court's order. Defendants also sent a letter to Plaintiff on November 15, 2024, requesting the status on providing the court-ordered documents and including a copy of the Court's October 18 order compelling Plaintiff's response. Plaintiff did not respond to the Court's order or defense counsel's inquiry, and did not make any contact with the Litigation Coordinator to provide the court-ordered documents. (*Id.* at 4.)

As noted above, Plaintiff did not file any opposition or response to Defendants' motion to dismiss.

####     A.     Legal Standard

Sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. *Id.*

1  Dismissal and default are such drastic remedies, they may be ordered only in extreme
2  circumstances—i.e., willful disobedience or bad faith.  *In re Exxon Valdez*, 102 F.3d 429, 432
3  (9th Cir. 1996).  Even a single willful violation may suffice depending on the circumstances.
4  *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest
5  concealment of critical evidence justified dismissal).

6  Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply . . . with any
7  order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within
8  the inherent power of the Court."  District courts have the inherent power to control their dockets
9  and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . .
10 dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  Terminating sanctions
11 may be warranted where "discovery violations threaten to interfere with the rightful decision of
12 the case."  *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir.
13 2007).

14 **B.  The Court Finds that Plaintiff has Acted in Bad Faith**

15 **1.  Plaintiff Withheld Key Information in Long-Outstanding Discovery**

16 Despite Plaintiff's assertions during her deposition and in her recent filing that she has no
17 problem providing the requested discovery and declaration, Plaintiff has not demonstrated any
18 intent to actually comply with Defendants' request or the Court's order.  Plaintiff was provided
19 with multiple opportunities to provide the requested documents or explain her failure to do so and
20 has repeatedly failed to comply, provide explanations, or demonstrate her efforts at compliance.
21 Plaintiff did not provide the requested documentation: (1) following her deposition; (2) in
22 response to Defendants' October 10, 2024 letter, (ECF No. 62, p. 34); (3) in response to the
23 Court's October 18, 2024 order, (ECF No. 60); or (4) in response to Defendants' November 15,
24 2024 letter which also included a copy of the Court's October 18, 2024 order.  Plaintiff failed to
25 file an opposition or other response to Defendants' motion to compel or the motion for
26 terminating sanctions.  Plaintiff also has not contacted the Litigation Coordinator at her institution
27 to provide the requested documents for scanning at any point after the Court's October 18, 2024
28 order was issued.  (ECF No. 62-1.)  Even in her most recent filing, Plaintiff has not stated how or

when she will provide the requested documents to Defendants (or to the Litigation Coordinator for scanning), or why she has been unable to do so.

Plaintiff's discovery obligations under the Federal Rules of Civil Procedure do not permit her to abdicate her responsibility to respond to properly propounded and pending discovery. Plaintiff agreed to provide the documents for scanning or copying as early as August 19, 2024, and has apparently made no attempts in the following five months to complete that process. Plaintiff was warned in the Court's October 18, 2024 order—and again in Defendants' November 15, 2024 letter which included a copy of the same order—that if she failed to comply, Defendants would be permitted to seek appropriate sanctions, up to and including terminating sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(2). (ECF No. 60, p. 6.) Nevertheless, Plaintiff did not attempt to provide the requested discovery, explain why she was unable to do so, or explain what efforts she had made to do so.

### 2. Plaintiff's Excuses for Failure to Comply are Not Credible

To the extent Plaintiff alleges that she is unable to hand write filings in this action due to her mental health, the Court finds that this does not provide a plausible explanation for Plaintiff's failure to provide documents for scanning, or the accompanying declaration, signed under penalty of perjury. The Court did not require that Plaintiff rewrite the requested documents by hand and then produce them to Defendants. The documents were to be scanned, by the Litigation Coordinator, and then returned to Plaintiff. The accompanying declaration need be, at most, one page in length, (*see* ECF No. 60, p. 5), and in light of Plaintiff's recent filing that is seven pages in length, the Court does not find that Plaintiff is unable to provide a handwritten declaration.

With respect to Plaintiff's apparent argument that she was confused on the date of her deposition about what documents she was required to provide to the Litigation Coordinator, or whether she would be getting her own copies of the documents, the Court also does not find this excuse credible. Even if Plaintiff was confused on that date, there is no evidence in the record that Plaintiff attempted at any time after her deposition to clarify her obligations with the Litigation Coordinator, defense counsel, or the Court. Furthermore, both defense counsel and the Court, through letters, motions, and orders, provided further specificity as the Plaintiff's

discovery obligations.  Nevertheless, Plaintiff did not comply.

In short, the Court does not find Plaintiff credible and her actions, and inactions, have needlessly delayed the discovery process.  Accordingly, the Court finds that Plaintiff's conduct is in bad faith.  Plaintiff has failed to provide the Court with an explanation for her failure to provide the requested documents, despite a Court order compelling her to do so.  The Court finds that Plaintiff's unjustified failure to comply constitutes willful and bad faith disregard for the discovery process and the Court's order.

### C. Terminating Sanctions are Appropriate

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).  The amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors."  *Wanderer v. Johnston*, 910 F2d 652, 656 (9th Cir. 1990).

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  This case has been pending since 2017.  Plaintiff's continued failure to provide requested discovery documents, which she has repeatedly agreed to produce to Defendants but has not, has needlessly delayed discovery in this action and required the filing of additional motions.  This Court has not lost sight of the strong interest in resolving cases on the merits.  But even this strong interest in deciding cases on the merits cannot override a litigant's conduct in refusing to abide by a court order, insisting on multiplying the proceedings, and wasting judicial resources.  In addition, as discussed below, it would be prejudicial to require Defendants to defend the merits of this action without the responsive documents Plaintiff relied upon during her deposition, and which she agreed to produce.

///

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)). Plaintiff's failure to produce any of the documents she relied upon during her deposition testimony substantially hinders Defendants' ability to investigate and defend against her allegations. As a result of Plaintiff's conduct, Defendants have been forced to expend time and resources attempting to secure her cooperation by sending multiple letters, filing a motion to compel, and filing the instant motion for terminating sanctions. Defendants are entitled to the documents which purportedly support Plaintiff's claims. The inability to fully defend the case as the result of Plaintiff's delay and unexcused failure to comply is prejudicial to Defendants.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. When a case has stalled or is unreasonably delayed by a party's failure to comply with deadlines and discovery obligations, the case cannot move toward resolution on the merits. Thus, the fourth factor—public policy favoring disposition of cases on their merits—is not compelling when it is thwarted by the Plaintiff's dilatory and evasive conduct.

Finally, the Court considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions would be ineffective, as Plaintiff would still be able to testify to information that she has withheld and the Court would have no practical way of excluding such testimony. Monetary sanctions are worthless because of Plaintiff's *in forma pauperis* status. Plaintiff would likely be unable to pay any monetary sanctions, making such sanctions of little use. The Court repeatedly admonished Plaintiff about her discovery obligations, and warned Plaintiff about the potential consequences of noncompliance.

1   Thus, the Court finds that there are no other, lesser sanctions that would be satisfactory or
2   effective.  The Ninth Circuit has explained that "[a] district court need not exhaust every sanction
3   short of dismissal before finally dismissing a case, but must explore possible and meaningful
4   alternatives."  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  Here, Plaintiff has
5   known that she must provide the requested documents since her August 19, 2024 deposition.  She
6   failed to do so, and Defendants and the Court were forced to expend further resources resolving
7   an unopposed motion to compel.  Plaintiff was then provided a further deadline to comply with
8   her discovery obligations.  Plaintiff again failed to produce any documents, respond to the Court's
9   order or to Defendants' repeated communications, or otherwise make any efforts to comply.

10   In granting the motion to compel, the Court also warned Plaintiff that her failure to
11   comply could result in sanctions that could range all the way up to termination of this case.  (ECF
12   No. 60, p. 6.)  The Court's warning to a party that failure to obey the Court's order will result in
13   dismissal can satisfy the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963
14   F.2d 1258, 1262 (citing *Malone*, 833 at 132–33; *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th
15   Cir. 1986)).  Given the ample time Plaintiff has had to provide the requested documents, her
16   failure to produce any documents in response to Defendants' requests and the Court's order, her
17   inability to provide an explanation for her failure to make any efforts to comply, and the
18   substantial prejudice to the Defendants, the Court finds that lesser sanctions would be ineffective
19   and insufficient to address Plaintiff's willful behavior and bad faith.

20   For these reasons, the undersigned finds that terminating sanctions are justified and
21   recommends granting Defendants' motion.

**V.     Order and Recommendation**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 61), is DENIED, without prejudice; and
2. Plaintiff's motion for teleconference, (ECF No. 61), is DENIED.

\* \* \*

Furthermore, the Court HEREBY RECOMMENDS that Defendants' motion for
terminating sanctions, (ECF No. 62), be granted and this action dismissed for failure to comply

10

with a court order. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); L.R. 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 6, 2025**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE

11