# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM TANDY LAMON STROUD,<br><br>Plaintiff,<br><br>v.<br><br>PRUITT, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-01659-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 43) |

Plaintiff Malcolm Tandy Lamon Stroud, aka Treasure Stroud, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Pruitt for sexual abuse in violation of the Eighth Amendment and against Defendants Pruitt and Smith for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

Pursuant to the Court's October 18, 2024 order granting Defendants' motion to compel and Defendants' third request to modify scheduling order, the deadline for filing all dispositive motions (including any second motion for summary judgment related to the availability of administrative remedies) is February 18, 2025. (ECF No. 60.) On December 13, 2024, Defendants filed a motion to dismiss, seeking terminating sanctions due to Plaintiff's failure to provide discovery despite the Court's October 18, 2024 order compelling her to do so. (ECF No. 62.) On February 6, 2025, the undersigned issued findings and recommendations to grant Defendants' motion for terminating sanctions. (ECF No. 63.) Any objections are currently due within fourteen days of service of the findings and recommendations. (*Id.*)

Currently before the Court is Defendants' motion to modify scheduling order, filed February 11, 2025. (ECF No. 64.) The current dispositive motion deadline is before the deadline for filing objections to the pending findings and recommendations, which could resolve this

1  action in its entirety.  To preserve their rights to file a dispositive motion should the District Judge
2  disagree with the findings and recommendations, Defendants request that the current dispositive
3  motions deadline be extended to a date no earlier than ninety days following the Court's ruling on
4  the findings and recommendations.  (*Id.*)

5      Plaintiff has not yet had the opportunity to file a response, but the Court finds a response
6  unnecessary and the motion is deemed submitted.  Local Rule 230(l).

7      Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
8  with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
9  considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
10 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
11 reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was
12 not diligent, the inquiry should end.  *Id.*

13     The Court finds good cause to modify the Discovery and Scheduling Order to vacate the
14 dispositive motion deadline.  The Court finds it would be an efficient use of the resources of the
15 Court and the parties to address the pending findings and recommendations prior to reaching the
16 merits of this action.  Finally, the Court finds that the relief granted here will not result in
17 prejudice to Plaintiff.

18     Accordingly, IT IS HEREBY ORDERED as follows:
19   1. Defendants' motion to modify scheduling order, (ECF No. 64), is GRANTED;
20   2. The February 18, 2025 dispositive motion deadline is VACATED; and
21   3. As necessary and appropriate, the Court will reset the dispositive motion deadline for no
22     less than ninety days following resolution of Defendants' motion to dismiss.

23
24 IT IS SO ORDERED.

25   Dated:  **February 18, 2025**          /s/ *Barbara A. McAuliffe*
26                                               UNITED STATES MAGISTRATE JUDGE
27
28